Filed 11/9/21  P. v. Bender CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B309693 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA007586) |
| v. | |
| CHARLES MICHAEL BENDER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Raul A. Sahagun, Judge.  Reversed with directions.

Brad Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant Charles Michael Bender.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Scott A. Taryle, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Charles Michael Bender appeals from a postjudgment order denying his petition for resentencing under Penal Code section 1170.95[1] as to his 1991 conviction of first degree murder. Bender contends, the People concede, and we agree the trial court erred in acting as an independent factfinder and summarily denying Bender's petition before issuing an order to show cause and holding an evidentiary hearing pursuant to section 1170.95, subdivision (d). We reverse and remand to the superior court to issue an order to show cause and conduct further proceedings in accordance with section 1170.95, subdivision (d).

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Evidence at Trial*
        We described the 1991 killing of Lloyd Revels in our prior opinion in *In re Bender* (Sept. 22, 1993, B064459) [nonpub. opn.]. At about 10:00 p.m. on April 12, 1991 Revels was shot while standing on the sidewalk in front of a house located on East 87th Place in Los Angeles, east of Compton Avenue. Revels died from multiple gunshot wounds from the same caliber weapon. A bullet removed from Revels's body was fired from a .380 semiautomatic weapon. Police officers recovered .380 caliber shell casings at the scene and two expended .38 bullets from the wall of a nearby home.
        Just after the shooting, the police officers were driving south on Compton Avenue when they saw Bender, Sheldon Cotton, and Bender's codefendant Charles Clark running

---

[1]    All statutory references are to the Penal Code.

westbound on 87th Place, each holding a gun.  The officers observed Bender toss an object over a fence in the middle of the block.  The officers later recovered a .380 caliber semiautomatic weapon from the location where Bender had thrown the gun.  The gun was identified as the murder weapon.  A fingerprint expert identified Clark's fingerprints on the magazine of the recovered gun.

Cotton entered a negotiated plea to voluntary manslaughter and testified at Bender and Clark's trial.  Cotton admitted he had fired a handgun the night of the murder.  Cotton testified that Bender and Clark were members of the Kitchen Crips gang, which was not getting along with the East Coast Crips.  Two days before the shooting, a blind person associated with the Kitchen Crips was shot and killed.  On the night of April 12, Cotton, Bender, and Clark went into East Coast Crips territory to shoot at any East Coast Crips gang members they ran into.  Cotton had a .357 caliber gun; Bender had a .380 automatic; and Clark had a .38 special.  The three men encountered a group of people gathered on the street on East 87th Place.  Bender walked toward the group; Clark and Cotton stood across the street.  Bender started shooting, then Cotton and Clark.  Bender fired five or six shots; Clark fired four to six shots; Cotton fired four shots.  After the shooting, all three ran westbound toward their territory.  As the three crossed Compton Avenue, a police car approached.  Cotton threw his gun into a yard; Clark dropped his gun on the ground; Cotton did not know what happened to Bender's gun.

Marlene Phillips saw the shooting and testified only one person shot at Revels, and it was not Bender or Clark.

Clark testified he was at his girlfriend's home all night. Bender testified he was at a party from 9:00 p.m. until midnight, and he called two witnesses who corroborated his testimony. Bender also introduced preliminary hearing testimony from Revels's brother Rodell in which Rodell identified Cotton and Clark as the shooters.

The jury was instructed with CALJIC No. 3.01 on direct aider and abettor liability and CALJIC No. 3.02 on the natural and probable consequences doctrine.

The jury convicted Bender and Clark of the first degree murder of Revels (§ 187, subd. (a)) and found true both defendants personally used a firearm. (§ 12022.5, former subd. (a).) The trial court sentenced Bender to 25 years to life on the murder count, plus the upper term of five years for the firearm enhancement. We affirmed on appeal. (*People v. Bender, supra*, B064459.)

B.      *Bender's Petition for Resentencing and the Superior Court's Ruling*

On May 4, 2020 Bender, representing himself, filed a form petition for resentencing and "motion requesting to vacate murder conviction" seeking to vacate his murder conviction and be resentenced in accordance with recent statutory changes relating to accomplice liability for murder. In his petition, Bender declared he "was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine," and he "could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." He also checked the

4

box on the form stating he was not the actual killer and did not act with the intent to kill.

The superior court appointed counsel for Bender and invited the People to file a response. In their response, the People argued Bender was not eligible for resentencing because he was the actual killer. Bender argued in his reply brief that the jury did not make a finding whether Bender or Clark killed Revels, instead finding both guilty of first degree murder. Bender also noted the bullets that killed Revels came from a single gun.

At a hearing on December 3, 2020, defense counsel submitted on the petition. The People argued there was substantial evidence Bender was the actual killer, pointing to evidence at trial that the officers saw Bender throw an object into the location where the murder weapon was found. The superior court denied the petition, explaining, "The way I see it, it's not certain that he was the killer, but it's pretty clear that he and the others went over there to seek revenge for the killing of their blind compatriot and they get over there and somebody walks over there and shoots the victim almost at point blank range . . . . [E]verybody opens fire on this guy. There are shots flying all over the place. This guy gets shot three times. They recover one bullet. There [are] holes all over the place, so everyone is firing at this guy. There is pretty strong evidence that the defendant is the one . . . who is closest and shooting at the guy . . . it seems to me [Bender is] either the killer or he's a direct aider or abettor . . . . [I]t seems to me he could be found guilty . . . as either participant. So that, I think, makes him ineligible." The court summarily denied Bender's petition, finding Bender "failed

to establish a prima facie case based on the reasons the court has just articulated . . . ."

Bender timely appealed.

**DISCUSSION**

A.    *Senate Bill No. 1437*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Sen. Bill 1437) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule.  (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*); *People v. Gentile* (2020) 10 Cal.5th 830, 842-843, 847-848 (*Gentile*).)  New section 188, subdivision (a)(3), provides, "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  New section 189, subdivision (e), in turn, limits the felony-murder rule exception to the malice requirement to circumstances where the People prove the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill 1437 also provides a procedure in new section 1170.95 for an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder under Senate Bill 1437's changes to sections 188 and 189.  (*Lewis, supra*, 11 Cal.5th at p. 959; *Gentile,*

*supra*, 10 Cal.5th at pp. 842-843.) If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she was convicted of murder and could not now be convicted of murder because of changes to section 188 or 189 (§ 1170.95, subd. (b)(1)(A)), the court must appoint counsel to represent the petitioner upon his or her request pursuant to section 1170.95, subdivision (c). (*Lewis*, at pp. 957, 959-960.) Further, upon the filing of a facially sufficient petition, the court must direct the prosecutor to file a response to the petition and permit the petitioner to file a reply, and the court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (See § 1170.95, subd. (c); *Lewis*, at p. 964.)

In determining whether the petitioner has made a prima facie showing, he or she is entitled to relief under section 1170.95, subdivision (c), "[l]ike the analogous prima facie inquiry in habeas corpus proceedings, '"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Lewis, supra*, 11 Cal.5th at p. 971.)

Appellate opinions are generally part of the record of conviction, but as the Supreme Court in *Lewis* cautioned, the opinion "'might not supply all the answers.'" (*Lewis, supra*,

7

11 Cal.5th at p. 972.) Further, "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Ibid.*)

If the petitioner makes a prima facie showing under section 1170.95, subdivision (c), the court must issue an order to show cause and hold a hearing "to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts." (§ 1170.95, subd. (d)(1).) If a hearing is held, "[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (§ 1170.95, subd. (d)(3); see *Gentile, supra*, 10 Cal.5th at p. 853; *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 237, review granted Mar. 10, 2021, S266652.)

B.      *The Trial Court Erred by Engaging in Improper Factfinding at the Prima Facie Review Stage*

As discussed, Bender alleged in his section 1170.95 petition that an information was filed against him that allowed the prosecution to proceed under the natural and probable consequences doctrine; he was convicted of first degree murder pursuant to that doctrine; he was not the actual killer and did not intend to kill; and he could not now be convicted of murder as a result of amendments to section 189. As the Supreme Court explained in *Lewis, supra*, 11 Cal.5th at page 971, the superior court in its prima facie review under section 1170.95, subdivision (c), was required to take Bender's factual allegations as true and issue an order to show cause unless the record of conviction, including our appellate opinion, "contain[s] facts refuting the allegations made in the petition." Further, in

8

reviewing the record of conviction at the prima facie review stage, the superior court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at p. 971.)

Bender contends, the People concede, and we agree the superior court engaged in improper factfinding in determining that Bender was the actual killer or a direct aider and abettor, and therefore he "could be found guilty" in either role.  As Bender points out, the superior court found it was "not certain that [Bender] was the killer," and although Bender was seen throwing a gun into a yard where the murder weapon was found, the fingerprints on the magazine of the gun matched those of Clark. Further, Rodell identified Cotton and Clark as the shooters; Phillips could not identify the shooter but testified it was neither Bender nor Clark.  The determination whether Bender could still be convicted of murder under amended sections 188 and 189 requires factfinding only appropriate at an evidentiary hearing. As the People concede, "Nothing in the record indicates appellant was *necessarily* convicted of murder on a theory that he was the actual killer or a direct aider and abettor who specifically intended to kill."  Although the jury found that Bender personally used a firearm in the commission of the murder, the jury could have believed Bender fired his gun but did not fire the shot that killed Revels.

## DISPOSITION

The order denying Bender's petition for resentencing under section 1170.95 is reversed.  On remand the superior court is to issue an order to show cause and conduct further proceedings in accordance with section 1170.95, subdivision (d).


FEUER, J.

We concur:


PERLUSS, P. J.


SEGAL, J.


10